# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## WESTERN DIVISION

| | | |
|---|---|---|
| PENNY BEASLEY, individually and on behalf of others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 25-00222-CV-W-BP |
| SOUTHEAST SERIES OF LOCKTON COMPANIES, LLC, | ) ) ) ) | |
| Defendant. | ) ) | |
| HUNTER CARTER, individually and on behalf of others similarly situated, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 25-00233-CV-W-BP |
| SOUTHEAST SERIES OF LOCKTON COMPANIES, LLC, | ) ) ) ) | |
| Defendant. | ) ) | |
| K.R., individually and on behalf of others similarly situated; | ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 25-00235-CV-W-BP |
| SOUTHEAST SERIES OF LOCKTON COMPANIES, LLC, & STERLING PHARMA SOLUTIONS | ) ) ) ) ) | |
| Defendants. | ) ) | |
| MARY PARROTT, | ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 25-00236-CV-W-BP |
| SOUTHEAST SERIES OF LOCKTON COMPANIES, LLC, & | ) ) ) | |

| | |
|---|---|
| HOUSE OF RAEFORD FARMS, | ) |
| | ) |
| Defendants. | ) |
| | ) |

| | | |
|---|---|---|
| MICHAEL TUCKER, individually and on behalf of others similarly situated, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 25-00237-CV-W-BP |
| SOUTHEAST SERIES OF LOCKTON COMPANIES, LLC, & DOLLAR TREE, INC., | ) ) ) ) | |
| Defendant. | ) ) | |

| | | |
|---|---|---|
| REX LAWSON, individually and on behalf of others similarly situated, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 25-00240-CV-W-BP |
| SOUTHEAST SERIES OF LOCKTON COMPANIES, LLC, | ) ) ) | |
| Defendant. | ) ) | |

| | | |
|---|---|---|
| DENNIS WHITING, individually and on behalf of others similarly situated, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 25-00243-CV-W-BP |
| SOUTHEAST SERIES OF LOCKTON COMPANIES, LLC, | ) ) ) | |
| Defendant. | ) ) | |

| | | |
|---|---|---|
| TYRONE JOHNSON, individually and on behalf of others similarly situated, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 25-00248-CV-W-BP |

| | |
|---|---|
| SOUTHEAST SERIES OF<br>LOCKTON COMPANIES, LLC,<br>& LOCKTON COMPANIES, LLC,<br><br>               Defendants. | )<br>)<br>)<br>)<br>)<br>) |

| | |
|---|---|
| STACEY NOLLEY & DAVID NGUYEN,<br><br>               Plaintiffs,<br>v.<br><br>SOUTHEAST SERIES OF<br>LOCKTON COMPANIES, LLC,<br>& DOLLAR TREE, INC.,<br><br>               Defendants. | )<br>)<br>)<br>)<br>)<br>)   No. 25-00254-CV-W-BP<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

| | |
|---|---|
| BRITTANY WARD, & DAVID<br>CARRASQUILLO, individually and<br>on behalf of others similarly situated;<br><br>               Plaintiffs,<br>v.<br><br>SOUTHEAST SERIES OF<br>LOCKTON COMPANIES, LLC, and<br>DOLLAR TREE, INC.,<br><br>               Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)   No. 25-00255-CV-W-BP<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

### ORDER GRANTING IN PART PLAINTIFFS' MOTION FOR CONSOLIDATION AND APPOINTMENT OF INTERIM CLASS COUNSEL

In *Beasley v. Southeast Series of Lockton* (No. 25-00222-CV-W-BP), Plaintiff filed a Motion to Consolidate the above captioned cases, (Doc. 6). Federal Rule of Civil Procedure 42 allows actions to be consolidated where they involve common questions of law or fact. The parties in each of these cases agree that consolidation is appropriate.[1] Moreover, review of the Complaints

---

[1] Plaintiffs represent that "Defendant Dollar Tree, Inc. does not agree with Plaintiffs' allegations or characterizations, nor does Dollar Tree, Inc. concede that this Court has jurisdiction or that this matter may proceed as a purported class action. Dollar Tree, Inc. reserves the right to assert any applicable challenges as the case proceeds." (No. 25-00222, Doc. 6, p. 9 n. 1.) But Dollar Tree does not specifically oppose consolidation of the cases.

in each of the above captioned cases persuades the Court that there are common questions of law and fact justifying consolidation under Rule 42(a). Each case involves similar claims related to the same data breach on November 20, 2024, which allegedly exposed the personal identifying information and protected health information of Plaintiffs and many others. All Plaintiffs are represented by the same counsel and each case names Southeast Series of Lockton Companies, LLC, as a Defendant; several of the cases have other Defendants in common as well. For these reasons, it is in the interest of convenience and judicial economy to consolidate these cases.

Accordingly, the Motion, (Doc. 6, No. 25-00222-CV-W-BP), is **GRANTED** to the extent it seeks consolidation of the cases. In the future, the parties shall file all documents relating to these consolidated actions under Case Number 25-00222-CV-W-BP; to the extent that a document relates to only one of the original cases, the document's label should clearly reflect that fact. No further filings should be made in the other cases set forth above.[2]

The Court denies the parties' request to designate attorneys to serve as co-lead interim counsel or liaison counsel for the putative class. The Court recognizes that such an Order is permitted by Rule 23(g)(3) of the Federal Rules of Civil Procedure. However, such Orders are not issued as a matter of course. As the 2003 Advisory Committee Note states:[3]

> Ordinarily, . . . work [on behalf of the class] is handled by the lawyer who filed the action. In some cases, however, there may be rivalry or uncertainty that makes formal designation of interim counsel appropriate. Rule 23(g)(2)(A) authorizes the court to designate interim counsel to act on behalf of the putative class before the certification decision is made. Failure to make the formal designation does not prevent the attorney who filed the action from proceeding in it. Whether or not formally designated interim counsel, an attorney who acts on behalf of the class before certification must act in the best interests of the class as a whole.

---

[2] The Court declines the parties' request for an Order determining in advance that future actions must be consolidated. It does not agree that such an Order promotes judicial efficiency and prefers to address the issue of consolidation as necessary if more cases are filed.

[3] The provision for appointing interim class counsel was originally codified as Rule 23(g)(2)(A); it has since been moved to Rule 23(g)(3).

The Manual for Complex Litigation (Fourth) similarly states:

> If . . . there are a number of overlapping, duplicative, or competing suits pending in other courts, and some or all of those suits may be consolidated, *a number of lawyers may compete for class counsel appointment*. In such cases, designation of interim counsel clarifies responsibility for protecting the interests of the class during precertification activities, such as making and responding to motions, conducting any necessary discovery, moving for class certification, and negotiating settlement.

MCL 4th § 21.11 (emphasis supplied). Here, the same attorneys represent all the plaintiffs in these cases, so there are no rivalries, conflicts, or uncertainties that necessitate an Order appointing interim class counsel. And because such an Order is unnecessary, the Court declines to issue one.

Finally, the Court suspends all deadlines, including the deadlines for (1) exchanging Rule 26 disclosures, (2) filing Answers or other responses to the Complaints, and (3) filing proposed Scheduling Orders. At the parties' request, the Court establishes the following schedule:

1. On or before thirty (30) days, Plaintiffs shall file an Amended Class Action Complaint,

2. Defendants shall have forty-five (45) days to file Answers or otherwise respond to the Amended Class Action Complaint,

3. If Motions to Dismiss are filed, Plaintiffs shall have thirty (30) days to respond, and Defendants shall have twenty (20) days thereafter to file Reply Suggestions.

**IT IS SO ORDERED.**

DATE: April 28, 2025

/s/ Beth Phillips
BETH PHILLIPS, CHIEF JUDGE
UNITED STATES DISTRICT COURT